# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LISA M. GILLEMS,** <br><br>               **Plaintiff,** <br><br>     v. <br><br> **HAPAG-LLOYD (AMERICA) INC.,** <br><br>               **Defendant.** | **Case No. 10 C 5227** <br><br> **Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Hapag-Lloyd (America) Inc.'s ("Hapag-Lloyd") application for fees pursuant to Federal Rule of Civil Procedure 54(d). For the reasons stated herein, the application is granted in part and denied in part. The Court taxes costs against Plaintiff Lisa Gillems ("Gillems") in the amount of $677.49.

## I. BACKGROUND

Gillems filed this action on August 8, 2010, alleging that Hapag-Lloyd, her former employer, discriminated against her on the basis of her race and age, subjected her to a hostile work environment, and fired her in retaliation for reporting race discrimination to her managers. The Court granted summary judgment in favor of Hapag-Lloyd after finding that Gillems had insufficient evidence to establish a *prima facie* case with regard to any of her claims [ECF No. 46]. That ruling was affirmed on appeal [ECF No. 65].

Hapag-Lloyd has filed a Motion for Costs in which it seeks to recover: (1) $1,316.45 in costs accrued obtaining printed or electronically recorded transcripts for use in this case, (2) $206.04 in witness fees, (3) $169.79 for exemplification and photocopy costs, and (4) $513.61 in "other costs." Gillems has filed no objections to that application.

## II. LEGAL STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that a prevailing party may obtain reimbursement for certain litigation costs at the conclusion of a lawsuit. The Rule establishes a "presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005). In evaluating an application for costs, the Court must determine first whether the claimed expenses are recoverable, and second, whether the costs requested are reasonable. *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). The Court has "wide latitude" in fixing a reasonable award. *Deimer v. Cincinnati Sub-Zero Prods., Inc.,* 58 F.3d 341, 345 (7th Cir. 1995).

## III. ANALYSIS

### A. Video and Transcript Costs

Hapag-Lloyd first seeks to recover $1,316.45 in video-recording and transcript costs associated with Gillems' deposition.

"A prevailing party can recover costs for both a video-recording and a transcript of the same deposition, provided that the party can show both are necessary and reasonable in the context of the case." *Trading Techs. Int'l v. eSpeed, Inc.,* 750 F.Supp.2d 962, 976 (N.D. Ill. 2010). Hapag-Lloyd has not made any showing that a video deposition was justified in this case. Accordingly, the Court disallows recovery for the requested $845.00 in videography costs.

The remaining $471.45 in transcript costs is recoverable pursuant to 28 U.S.C. § 1920. A prevailing party is entitled to reimbursement for transcript costs so long as those costs do not exceed the $3.65 per-page rate prescribed by the Judicial Conference of the United States. N.D. Ill. L.R. 54.1(b). In this case, the court reporter charged $3.55 per page for the original transcript of Gillems' deposition and $0.30 per page for all deposition exhibits. These rates fall below the allowable Judicial Conference rate and are reasonable in view of rates typically awarded for transcript costs within this District. *See, e.g., Druckzentrum Harry Jung GmbH & Co. KG v. Motorola, Inc.,* No. 09 C 7231, 2013 WL 147014, at *2 (N.D. Ill. Jan. 11, 2013) (awarding a per-page rate of $3.65 for deposition transcripts); *Hernandez-Martinez v. Chipotle Mexican Grill, Inc.,* No. 11 C 4490, 2013 WL 2384251, at *3 (N.D. Ill. May 30, 2013) (awarding $3.45 per page). In addition, because portions of Gillems' deposition were offered

as evidence on summary judgment, obtaining this transcript was reasonably necessary to the litigation. For these reasons, Hapag-Lloyd may recover transcript costs in the amount of $471.45.

### B. Witness Fees

Hapag-Lloyd next seeks reimbursement for $206.04 in witness fees. Witnesses are entitled to compensation pursuant to 28 U.S.C. § 1821 for their attendance at trial or deposition. Such costs are limited to attendance fees not to exceed $40.00 per day and reasonable travel expenses incurred in connection with the witness's appearance. Hapag-Lloyd indicates that it paid $80.00 in witness fees to Rita Council for her appearance over the course of two days and $40.00 for Portia Gurley's appearance for a single day. Those amounts, of course, do not exceed the maximum permissible fee of $40.00 per witness per day. Hapag-Lloyd also states that it reimbursed Ms. Council and Ms. Gurley for travel expenses at the rate of $0.55 per mile, which falls below the allowable rate established by statute. 28 U.S.C. § 1821(c)(2); *see also,* Privately Owned Vehicle Mileage Reimbursement Rates, [www.gsa.gov/portal/category/104715](www.gsa.gov/portal/category/104715) (establishing GSA mileage reimbursement rate for privately owned automobiles at $0.56 per mile). Accordingly, Hapag-Lloyd is entitled to recover witness fees in the amount requested.

### C. Photocopying Costs

Hapag-Lloyd next seeks to recover $169.79 in fees for exemplification and photocopy costs. Although prevailing parties ordinarily are entitled to reimbursement for costs associated with copying materials necessary to the case, *see,* 28 U.S.C. § 1920, Hapag-Lloyd has provided insufficient documentation to support an award of such costs. At a minimum, a party seeking to recover copying costs must identify the "nature of each document copied, the number of copies of each document prepared, the copying cost per page, and the total copying cost." *Druckzentrum Harry Jung GmbH & Co. KG,* 2013 WL 147014, at *7. Hapag-Lloyd has provided nothing other than the bottom line. Because the Court has no way of ascertaining what was copied and at what rates, the requested costs are denied. *See, e.g., Smith v. Augustine,* No. 07 C 81, 2009 WL 1748235, at *4 (N.D. Ill. June 18, 2009); *Shanklin Corp. v. Am. Packaging Machinery, Inc.,* No. 95 C 1617, 2006 WL 2054382, at *4 (N.D. Ill. July 18, 2006).

### D. Other Costs

Finally, Hapag-Lloyd seeks $513.61 in "other costs," which include charges associated with accessing electronic court records, fees related to obtaining a copy of Gillems' tax return, telephone charges, a "Merlin Search" charge, parking fees and mileage incurred in connection with obtaining signed affidavits from two witnesses, and certain Federal Express postage costs. Although

Hapag-Lloyd does provide some supporting documentation for these charges, none of the above items are taxable under 28 U.S.C. § 1920. Because the Court can only award costs that are authorized by statute, *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987), Hapag-Lloyd's requested fees are not recoverable. *See, Coleman v. ANR-Advance Transp. Co.,* No. 98 C 7599, 2001 WL 477208 (N.D. Ill. May 4, 2001).

### IV. CONCLUSION

Hapag-Lloyd's application for costs [ECF No. 55] is granted in part and denied in part. For the reasons stated herein, the requested costs shall be reduced by $1,528.40. Accordingly, the Court awards costs in favor of Hapag-Lloyd and against Gillems in the amount of $677.49.

**IT IS SO ORDERED.**

 Harry D. Leinenweber, Judge
 United States District Court

Date:9/19/2014